B. MICHAEL KEEGAN v. FISCHER CONSTRUCTION
CO., INC., AND OTHERS.

223 N. W. 2d 141.

November 1, 1974—Nos. 44922, 44967.

*Cochrane & Bresnahan, James R. Bresnahan,* and *James G. Roban,*
for appellants.
*Ulvin, Sullivan & Sullivan* and *Patrick F. Sullivan,* for respondent.

PER CURIAM.

Appeals from a judgment which ordered interest on the judgment
from a date earlier than the date of the verdict. The suit was to recover
the balance allegedly due for the removal of gravel from plaintiff's
gravel pit. The jury found for plaintiff against the subcontractor,
Fischer Construction Co., Inc., and Fidelity and Deposit Company of
Maryland, its bonding company, and the prime contractor, Husting and
Engstrom, Inc., and United States Fidelity and Guaranty Company, its
bonding company. The clerk entered judgment against all four defend-
ants for the amount of the verdict plus interest thereon from a date
other than the date of the verdict. As we read the record, all defendants
were included in the judgment because of a loosely stated stipulation
made prior to trial whereby the prime contractor and its bonding com-
pany agreed that if plaintiff obtained a judgment against the subcon-
tractor, they would pay the judgment up to $4,000 and that all defend-

ants would be represented by counsel for the subcontractor and would remain as defendants in the suit. Only the subcontractor and its bonding company have appealed.

On appeal these parties contend that the interest should have been calculated from the date of the verdict and that the evidence did not support a judgment against all defendants, but only against the subcontractor.

There was evidence in the course of the trial indicating a dispute as to the proper method of calculating the amount of the balance due for the removal of the gravel. Also litigated was the issue of the interpretation of the contract as to the place of the removal of the gravel from the pit. The jury resolved these questions of fact, and accordingly, the claim must be classified as an unliquidated claim calling for interest only from the date of the verdict. Alley Const. Co. Inc. v. State, 300 Minn. 346, 219 N. W. 2d 922 (1974). In addition, there is nothing in the record to support the use of November 1, 1970, as the date from which the interest was calculated.

Consideration of the issue of whether the judgment was properly entered against the prime contractor and the bonding company becomes unnecessary because the effect of the stipulation now renders the prime contractor liable to pay the judgment to be entered, which, by our calculations, will not exceed $4,000, and payment of which has been tendered during the pendency of this appeal.

Accordingly, the judgment is set aside and the clerk is directed to calculate the interest on the verdict from the date of the verdict and thereupon to reenter the judgment. Costs and disbursements on this appeal are disallowed.

Reversed and remanded with directions to the clerk.